■ CAREER EMPLOYMENT SERVICES, INC., et al., Appellants, v AUTOTRON AUTOMOTIVE PRODUCTS, INC., Defendant, and JOHN MAZZUKA, Respondent.—Appeal from an order of the Supreme Court, Nassau County (Kutner, J.), entered October 6, 1987, which granted the respondent's motion to vacate a judgment against him, entered upon his affidavit of confession of judgment, to the extent of directing the plaintiffs to file a satisfaction of judgment.

Ordered that the order is affirmed, with costs.

After the defendant Autotron Automotive Products, Inc. (hereinafter Autotron) defaulted in making payment to the plaintiffs for services rendered by the plaintiffs, an agreement was reached under which Autotron agreed to repay the amount owed by making installment payments in the total amount of $22,000 and thereafter, by making a lump-sum payment of the remaining principal amount due. As part of

the agreement, both Autotron and the defendant John Mazzuka, Autotron's president, executed affidavits of confession of judgment which authorized the plaintiffs to enter judgment in the event Autotron defaulted under the agreement. The defendant Mazzuka, in his affidavit of confession of judgment, agreed to personally guarantee $22,000 of Autotron's $113,188.85 debt. Significantly, in paragraph "6" of the parties' January 1986 letter agreement, it is specifically provided that upon the plaintiffs' entering of the defendants' confessions of judgment, the plaintiff "will" additionally file "partial satisfactions" (emphasis added) of judgment in the sum of the aggregate principal amount of the installment payments made by Autotron, if any, prior to its default. Subsequently, Autotron defaulted after failing to make payment of the final lump-sum amount required under the agreement. The plaintiffs thereupon filed the confessions of judgment of both Autotron and Mazzuka, but declined to file a partial satisfaction of judgment crediting Mazzuka with the installment payments made by Autotron, on the ground that Mazzuka's obligation was independent of, and unaffected by, Autotron's partial payment of the debt. Autotron continued to make payments and the plaintiffs took no action to enforce payment on either judgment. When the payments ultimately stopped, the plaintiff served an information subpoena on Mazzuka. This was his first notice that the judgment had been filed against him. Thereafter, the defendant Mazzuka moved for an order vacating the judgment. The Supreme Court granted the motion to the extent of directing the plaintiffs to file a satisfaction of judgment. We affirm.

We conclude that the Supreme Court properly construed paragraph "6" of the parties' January 1986 letter agreement to require that the plaintiffs file partial satisfactions of judgment crediting both Autotron and the defendant Mazzuka with the installment payments made by Autotron prior to its default. The use of the plural term "satisfactions" of judgment in the January 1986 letter agreement indicates that both Autotron *and* Mazzuka were entitled to credits for the installment payments, if any, made by Autotron prior to a default. In light of the foregoing, the Supreme Court properly granted the defendant Mazzuka's motion to vacate the judgment to the extent of directing the plaintiffs to file a satisfaction of judgment in Mazzuka's favor crediting him with amounts already paid by Autotron toward the principal debt recited in the parties' agreement. Thompson, J. P., Spatt, Sullivan and Harwood, JJ., concur.